UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM EARL LOZANO,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL LAURITZEN, and<br>JONATHAN W. PEDERSEN,<br><br>            Defendants. | CASE NO. C19-6197 BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 35, and Plaintiff William Lozano's objections to the R&R, Dkt. 36.

Lozano, proceeding pro se, alleges that he was denied the benefit of his earned early release credits when Defendants—his Community Corrections Officer, Michael Lauritzen, and his prison counselor, Jonathan Pedersen—failed to release him on his earned early release date. Dkt. 4. He alleges that Defendants failed to hold a noncompliance hearing in violation of his Fourteenth Amendment rights. *Id.*

In April 2016, after pleading guilty to First Degree Theft in state court, Lozano was permitted to participate in a Drug Offense Sentencing Alternative ("DOSA"). DOSA

allows an offender who meets specific criteria to spend one-half of his sentence incarcerated and one-half of his sentence supervised in the community. *See* RCW 9.94A.662(1)(a)–(b). Lozano was sentenced to 19 months confinement and 19 months of community custody.

In October 2016, Lozano was approved for work release and was transferred to the Reynolds Work Release Facility. A few months later, he escaped and was apprehended after 102 days at large. He was charged with violating WAC 137-25-030, and disciplinary hearing was held in May 2017. While discussed at the hearing, Lozano's DOSA status was not revoked. Lozano was terminated from work release and returned to confinement at the Washington Corrections Center.

Lozano's earned early release date was September 29, 2017, but he could not be released unless he had an approved housing plan. He was unable to arrange appropriate housing, and he was not released on his earned early release date because he did not have an approved housing plan. Lozano was eventually released from confinement on January 12, 2018.

During this same time period, on September 19, 2017, non-party Joiann Miller (an offender classification manager) recommended revoking Lozano's DOSA status for willful failure to comply with his DOSA conditions. Ms. Miller's supervisor agreed with her recommendation and sent an email to the facility's records departing stating that Lozano's release was on hold "pending adjudication for WAC violation 762." Dkt. 19 at 9; *see also* WAC 137-25-030. Despite this recommendation, DOSA revocation

proceedings were not initiated at this time, and a hearing was not scheduled nor held in 2017.

Lozano thus brought suit, alleging that his Due Process Fourteenth Amendment rights were violated when Defendants failed to release him on September 29, 2017 because his early release credits were revoked without a hearing. *See* Dkt. 4. Defendants moved for summary judgment, Dkt. 18, and on May 6, 2021, Judge Christel issued the instant R&R recommending that the Court grant Defendants' motion, Dkt. 35. On May 18, 2021, Lozano objected. Dkt. 36. Defendants did not respond to Lozano's objections.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The R&R concluded that Lozano failed to create a dispute of material fact regarding his due process claim. Lozano objects to this conclusion, asserting that he did submit evidence in support of his claim and that evidence creates a dispute of material fact. However, the exhibits attached to his complaint were considered by Judge Christel, and a majority of his exhibits were additionally submitted by the Defendants in support of their motion. *Compare* Dkt. 4 at 12–16, *with* Dkt. 19-2, *and* Dkt. 23-1, *and* Dkt. 23-4.

Additionally, while Lozano argues in his objections that Defendants did not hold the DOSA hearing in 2017, he was not revoked from the DOSA program at that time. As the R&R notes, because his DOSA status was not revoked in 2017, a hearing was not

required. The Court agrees with the R&R's thorough analysis of the law and the facts in this case, and Lozano's objections do not persuade the Court otherwise.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment, Dkt. 18, is **GRANTED**;

(3) Plaintiff's claims are **DISMISSED with prejudice**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 15th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4